IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

STACEY WARD and JASON WARD,                )
                                            )
            Plaintiffs,                     )
                                            )
v.                                          )   Case No. CIV-11-230-KEW
                                            )
TOYOTA MOTOR INSURANCE                      )
SERVICES, INC., a foreign                   )
corporation; TOYOTA MOTOR                   )
CREDIT CORPORATION, a foreign               )
corporation; FOWLER TOYOTA,                 )
INC., an Oklahoma corporation;              )
and GS ADMINISTRATORS, INC.,                )
a foreign corporation,                      )
                                            )
            Defendants.                     )

## OPINION AND ORDER

This matter comes before the Court on Plaintiffs' Motion for Remand (Docket Entry #13). Plaintiffs filed this action in the District Court in and for Okfuskee County, Oklahoma on July 6, 2010, seeking monetary damages for breach of contract, breach of the implied duty of good faith and fair dealing, and the alleged violation of the Oklahoma Consumer Protection Act ("OCPA").

On July 1, 2011, Defendants removed the action to this Court. At the time of the removal, Plaintiffs were represented to be residents of Oklahoma, Defendants Toyota Motor Insurance Services, Inc. ("TMIS") and Toyota Motor Credit Corporation ("TMCC") were California based corporations, Defendant Fowler Toyota, Inc. ("Fowler") was an Oklahoma corporation, and Defendant GS Administrators, Inc. ("GS") was a Texas corporation. Therefore, complete diversity jurisdiction did not exist at removal.

Defendants assert that Fowler is fraudulently joined in this

action by Plaintiffs for the sole purpose of defeating diversity jurisdiction. Plaintiffs seek the remand of this action, contending that they have asserted a viable cause of action against Fowler such that diversity does not exist and the action should be remanded to the Okfuskee County, Oklahoma district court.

The Tenth Circuit Court of Appeals recently described the process of considering a claim of fraudulent joinder under these circumstances in the unpublished case of Nerad v. AstraZeneca Pharmaceuticals, Inc., 2006 WL 2879057 (10th Cir. (Okla.)). The court stated

> While a court normally evaluates the propriety of a removal by determining whether the allegations on the face of the complaint satisfy the jurisdictional requirements, fraudulent joinder claims are assertions that the pleadings are deceptive. Thus, in cases where fraudulent joinder is claimed, we have directed courts to "pierce the pleadings, consider the entire record, and determine the basis of joinder by any means available." Dodd v. Fawcett Publ'ns, Inc., 329 F.2d 82, 85 (10th Cir. 1964)(citations omitted). In so doing, the court must decide whether there is a reasonable basis to believe the plaintiff might succeed in at least one claim against the non-diverse defendant. See Badon v. RJR Nabisco, Inc., 224 F.3d 382, 393 (5th Cir. 2000). A "reasonable basis" means just that: the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law.
>
> Nerad v. AstraZeneca Pharmaceuticals, Inc., 2006 WL 2879057, 2 (10th Cir. (Okla.)).

A detailed examination of Plaintiffs' state court Petition and the claims against Fowler is required to ascertain whether the claims against it have a "reasonable basis" in the facts alleged and the applicable law. The Petition alleges that on October 14, 2006, one or more of the Defendants sold Plaintiffs an insurance

2

policy known as an extended warranty. Plaintiffs alleged they fully believed they were purchasing the insurance policy through Fowler from one or more of the Defendants to reimburse Plaintiffs in the event of a mechanical breakdown of their engine. The paperwork, it is alleged, was structured such that the actual issuer of the policy was unknown to Plaintiffs.

The Petition further alleges that the engine on Plaintiffs' vehicle purchased from Fowler suffered a mechanical breakdown on January 26, 2010. Plaintiffs filed a claim under the policy. On February 16, 2010, Defendants denied Plaintiffs' claim for engine damage based upon a lack of lubrication, when in fact the engine had adequate lubrication.

Plaintiffs state they believe Defendants intentionally pay smaller claims but deny larger claims. As a result of Defendants' actions, Plaintiffs assert they suffered damages.

The first cause of action asserted is for breach of the insurance contract by Defendants for failing to pay damages as a result of the mechanical breakdown of their engine. The second cause of action is for breach of the implied duty of good faith and fair dealing owed by an insurer to an insured, more commonly known as bad faith. The third and final cause of action is one for violation of the Oklahoma Consumer Protection Act. Under this claim, Plaintiffs assert Defendants structured their advertising and sale of the policy so as to confuse Plaintiffs and hide the

true identity of the company issuing the policy and to hide the nature and terms of the policy itself. Plaintiffs seek both actual and punitive damages under the latter two claims.

Plaintiffs appear to have abandoned the breach of contract and bad faith claims against Fowler. They recognize in their briefing that Fowler was not a party to the contract and, therefore, could not have breached it or breached the implied duty since it was not an insurer.

Plaintiffs concentrate their efforts in the claim under the OCPA against Fowler. As an initial matter, the parties are in disagreement as to whether the facts and claims are frozen at the time of removal. Typically, the propriety of removal is judged on the complaint as it stands at the time of removal. Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488 (10th Cir. 1991)(citations omitted). The allegation of fraudulent joinder, however, takes the case outside of the typical removal. As the Nerad case and authorities cited within it bear out, the court pierces the pleadings and determines through whatever means necessary if a reasonable basis for the claim exists when fraudulent joinder is alleged.

Moreover, Plaintiffs contend the dismissal of Fowler from this action is tantamount to entering summary judgment against them when a dispute as to the facts exists. The rulings made by this Court will not be dependent upon the facts alleged by the parties but

4

rather on whether Plaintiffs may maintain a claim under the OCPAN as a matter of law such that joinder of Fowler was appropriate. By it nature, the issue of removal and remand must be decided with haste and cannot await development of the lawsuit. It is an issue of the existence of a "reasonable basis" for the claims asserted - not an issue of whether no genuine issue of a material fact exists. Disputes in the facts may exist for determining fraudulent joinder in a removal context so long as the claim has a basis in fact and law.

The OCPA exempts from its provisions "[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other regulatory body or officer acting under statutory authority of this state or the United States, . . . ." Okla. Stat. tit. 15 § 754(2). Extended service contracts such as the one involved in this case have been determined to be a form of insurance. McMullan v. Enterprise Financial Group, Inc., 247 F.3d 1173, 1179-80 (Okla. 2011). Insurance in Oklahoma is governed by the Oklahoma Insurance Commissioner under state law. Okla. Stat. tit. 36 § 307. As such, it is exempt from the OCPA. Under the facts as alleged in the Petition, Plaintiff could not pursue a claim under the OCPA against Fowler based upon the service contract.

This does not end the inquiry since Plaintiffs' claims have undergone a metamorphosis in the briefing on the remand motion.

Plaintiffs now assert that their claim against Fowler is founded in the vehicle sales agreement and not the extended service contract. Plaintiffs contend Fowler is collecting a hidden fee for the extended service contract from the consumer without disclosing they are doing so in violation of the OCPA. Even under this argument, Plaintiffs are precluded from pursuing the case against Fowler. Fowler's activities are governed by the Federal Trade Commission as well as the Oklahoma Used Motor Vehicle and Parts Commission. 15 U.S.C. § 45; Okla. Stat. tit. 47 § 582(E)(2)(e). As such is the case, the actions asserted against Fowler under the OCPA are exempt from pursuit. Plaintiffs contends no private right of action exists under either the Federal Trade Commission or the Oklahoma Used Motor Vehicle and Parts Commission statutory scheme. This is of no moment to this analysis - the exemption is express and unequivocal. As a result, no reasonable basis exists as a matter of law for the claims asserted by Plaintiffs against Fowler. The joinder of this non-diverse party is inappropriate, thereby making jurisdiction appropriate in this court.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Remand (Docket Entry #13) is hereby **DENIED**. Because a claim under the OCPA cannot be maintained as a matter of law against it and it has been improperly joined in this action, Defendant Fowler Toyota, Inc. is hereby **DISMISSED WITHOUT PREJUDICE** from this case.

IT IS SO ORDERED this 2nd day of April, 2012.

*Kimberly E. West* (signature)
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE